IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARL V. LONG,<br>#1001354,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JUDGE JOHN H. JACKSON,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. 3:06-CV-1185-L<br>§                  ECF<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

This is a pro se civil rights case brought by Plaintiff Carl V. Long ("Long" or "Plaintiff"), an inmate of the Lynaugh Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Fort Stockton, Texas. On July 3, 2006, Long filed an Application to Proceed *In Forma Pauperis*. Pursuant to 28 U.S.C. § 636(b), this action was referred to the United States Magistrate Judge for proposed findings and recommendation.

On July 10, 2006, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") were filed. The magistrate judge found that Long filed civil rights actions in the United States District Courts for the Northern District of Texas, Dallas Division, in 2000[1] and 2003.[2] The first case was dismissed as frivolous, and the second case was dismissed for Long's failure to state a claim upon which relief could be granted. Long appealed the second case, and the appeal was dismissed as frivolous.[3] The magistrate judge concluded that Long had

---

[1] *Long v. Tanner*, 3:00-CV-2521-G (N.D. Tex., Dallas Div., filed on Nov. 16, 2000).

[2] *Long v. Wright, et al.*, 3:03-CV-2697-D (N.D. Tex., Dallas Div., filed on November 5, 2003).

[3] *See* No. 04-10174.

**Memorandum Opinion and Order – Page 1**

accumulated "three strikes," pursuant to 28 U.S.C. § 1915(g), and that he did not present a claim of imminent danger of serious physical injury, which is an exception to the "three strikes" rule.[4] The magistrate judge recommends that the district court deny Long's motion for leave to proceed *in forma pauperis*, and that this case be dismissed as barred by three strikes under 28 U.S.C. § 1915(g), unless Long tenders the $350 filing fee to the District Clerk within 20 days of the filing of the magistrate judge's recommendation.

Long filed his Objection to Magistrate's Recommendation ("Objections") on July 20, 2006. He contends that the dismissal of his appeal was plain error and should not be counted against him. The court determines that, despite Long's claim that the Fifth Circuit Court of Appeals should not have dismissed his appeal as frivolous, the dismissal still counts as a strike against him under 28 U.S.C. § 1915(g). *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). This court is not the proper forum to challenge the Fifth Circuit's ruling. Accordingly, Long's Objection should be overruled.

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and the objections thereto, the court determines that the findings and conclusions of the magistrate judge are correct. They are therefore accepted as those of the court. Accordingly, the court **overrules** Long's Objection to Magistrate's Recommendation; **denies** Long's

---

[4]This section provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**Memorandum Opinion and Order – Page 2**

Application to Proceed *In Forma Pauperis*; and **directs** Long to tender the $350 filing fee to the District Clerk on or before **September 6, 2006**. If Long fails to tender the filing fee as ordered, this action will be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

    **It is so ordered** this 7th day of August, 2006.

                                Sam A. Lindsay
                                United States District Judge